IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 4:10 CR 371 JCH (MLM) |
| ) | |
| JOHN R. STEFFEN, ) | |
| ) | |
| Defendant. ) | |

**REPLY OF DEFENDANT JOHN R. STEFFEN IN SUPPORT OF
MOTION TO DISMISS INDICTMENT FOR INSUFFICIENCY AND
FAILURE TO STATE AN OFFENSE**

For the reasons stated in Defendant Steffen's opening memorandum, the insufficiency of the indictment is apparent on its face. Not only does the government's Response to the Motion to Dismiss confirm that insufficiency, but it also demonstrates that the indictment does not state an offense.

The indictment alleges in conclusory terms that Steffen engaged in a scheme or artifice to defraud "by means of materially false and fraudulent pretenses, representations and promises." Indictment ¶15. But the nature of these fraudulent representations is not alleged. The indictment avers that Steffen represented to the The Business Bank that certain anticipated tax credits would be used as collateral on the bank's loan. *Id.* Under basic contract principles, this type of promise or representation would certainly be part of the consideration for the loan agreement. But the indictment does not allege that this representation was false when made, *i.e.*, that at the time the loan agreement was executed, Steffen had already decided not to use the collateral according to the terms of the agreement.

The indictment does assert that Steffen "falsely and fraudulently" used the proceeds from the tax credits "to pay expenses on other real estate projects." *Id.* If the collateral proceeds were used for purposes other than the loan, such use would likely be a breach of the promise to the bank and, therefore, a breach of the loan agreement. But the government never alleges any facts in the indictment to support the allegation that this use was also "false" or "fraudulent." Specifically, the indictment does not allege that Steffen lied or otherwise made misrepresentations to the bank, or intentionally misled the bank in any way regarding the status of the collateral.

The reason for these critical gaps in the allegations is now obvious. The government's Response confirms <u>there were no misrepresentations</u> in this case. The government states "[i]n simple terms, the indictment alleges that Mr. Steffen sold the tax credits which were collateral to a loan at The Business Bank," and "used the sale proceeds from the tax credits for other purposes." Govt. Resp. at 1.

> In this case, the government's theory is spelled out and the bank fraud allegation is very simple. Namely, Mr. Steffen converted the tax credits to his own use to pay other bills without the knowledge or consent of the bank as the tax credits were collateral on the loan. Selling the collateral is bank fraud under these circumstances.

*Id.* at 3. In fact, simply selling the collateral under these circumstances is not bank fraud. It is a breach of contract.

Given this statement of the government's theory, the government cannot explain in its Response why the indictment alleges that the scheme to defraud was "by means of materially false and fraudulent pretenses, representations and promises." Indictment, ¶15. The government never acknowledges *United States v. Ponec*, 163 F.3d 486 (8th Cir. 1998), and the Eighth Circuit's observation that under either §1344(1) or (2), the

2

government must prove that the defendant "deliberately made false representations to the bank" in order to establish a "scheme or artifice to defraud." *Ponec*, 163 F.3d at 488-89.  In light of the government's concession, it is clear the indictment does not allege an offense under *Ponec*.

The government does reference the Eighth Circuit Model Jury Instruction.  It quotes portions of the instruction that state "[t]he phrase 'scheme to defraud' includes any plan or course of action intended to deceive or cheat another out of money or property by employing material falsehoods or concealing material facts or omitting material facts."[1]  It also quotes the part of the instruction that states "[a] fact, falsehood, representation, pretense or promise is false when it is untrue when made or effectively conceals or omits a material fact."  Govt. Resp. at 2.

After reciting the Eighth Circuit instruction, the government states "an omission can be a material fact" and concludes:

> In this case, Mr. Steffen allegedly failed to tell the bank of his conversion of the tax credits and use of the money to pay other bills.

*Id.* at 3.  The government apparently believes this "omission" is a violation of the bank fraud statute.

The government's logic skips a critical step.  The "omission" must be *part* of a "representation, pretense or promise" to satisfy the misrepresentation element of a bank fraud offense.  In other words, the "material fact" must be "omitted" from some representation.  Neither in the indictment nor its Response does the government allege that Steffen ever lied to the bank or made any misleading statements to it.  Steffen's

---

[1] "Cheat" means "to deprive of something valuable by the use of deceit or fraud" or "to influence or lead by deceit, trick, or artifice."  Merriam Webster's Collegiate Dictionary (10th Ed. 1996).

3

alleged failure to tell the bank of his use of the collateral between December 2007 and April 2008, absent some affirmative act to mislead the bank, cannot be a misrepresentation or scheme to defraud within the meaning of the bank fraud statute. Put simply, nondisclosure is not a crime, at least not in the absence of some fiduciary relationship that imposes a legal duty to speak.

This principle is discussed in one of the primary cases relied on by the government in its Response. In *United States v. Colton*, 231 F.3d 890 (4th Cir. 2000), the Fourth Circuit noted that courts interpreting the mail, wire and bank fraud statutes incorporate the common law understanding of fraud. Common-law fraud "includes acts taken to conceal, create a false impression, mislead, or otherwise deceive in order to 'prevent[] the other [party] from acquiring material information.'" *Id*. at 898, quoting Restatement (Second) of Torts §550 (1977).

> This does not mean, however, that simple nondisclosure similarly constitutes a basis for fraud. Rather, the common law clearly distinguishes between concealment and nondisclosure. The former is characterized by deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or prevent further inquiry into a material matter. The latter is characterized by mere silence. Although silence as to a material fact (nondisclosure) without an independent disclosure duty, usually does not give rise to an action for fraud, suppression of the truth with the intent to deceive (concealment) does.

*Id*. at 899. In its Response, the government does not intimate, let alone allege, any "deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or prevent further inquiry." It simply alleges silence.

None of the cases cited by the government remotely supports a prosecution of Mr. Steffen. They all involve misrepresentations that actively concealed material facts and, in some cases, there is also a special fiduciary relationship. *United States v. Moran*, 312 F.3d 480 (1st Cir. 2002)(defendants had special fiduciary relationships as

4

member of Board of Directors and attorney for bank and took steps to actively conceal interest in loan transaction); *United States v. Rimell*, 21 F.3d 281 (8th Cir.), *cert. denied*, 513 U.S. 976 (1994)(defendant used "straw parties" to falsely inflate values of properties, filed false loan applications, and inflated rental schedules); *United States v. Blackburn*, 9 F.3d 353 (5th Cir. 1993), *cert. denied*, 513 U.S. 830 (1994)(defendant made false statements to the bank about purpose for withdrawing CD and about his knowledge that it was pledged); *United States v. Matousek*, 894 F.2d 1012 (8th Cir.), *cert. denied*, 494 U.S. 1090 (1990)(used car operator submitted duplicate titles to bank falsely representing vehicles were in inventory and collateral when in fact had been sold); *United States v. Gunter*, 876 F.2d 1113 (5th Cir.), *cert denied*, 493 U.S. 871 (1989)(conspiracy to defraud several banks through an elaborate scheme involving pledging car titles that the dealerships no longer owned; titles included false representation vehicle still owned by defendant's companies); *United States v. Milne*, 384 F.Supp.2d 1309 (E.D.Wis. 2005)(plea of guilty; car dealer submitted five statements to the bank falsely representing that he owned cars that he had sold); *United States v. Sheahan*, 31 F.3d 595 (8th Cir. 1994)(plea of guilty to scheme involving defendant and bank president whereby they knowingly submitted insufficient fund checks and posted to account to deceive auditors).

      There is no case that we -- or the government -- have found that provides authority for this prosecution of Mr. Steffen. This prosecution goes well beyond the accepted limits of the bank fraud statute, obliterating the line between criminal responsibility and civil liability. Bank fraud has been defined by the existence of a lie, a false representation – some act that affirmatively misled the bank. Without that

requirement, the bank fraud statute simply becomes a punitive creditor remedy and denies fair notice of what conduct is criminal.

One purpose of a motion to dismiss under Rule 12(b)(3)(B) is to spare the defendant and his family the emotional toll and additional reputational damage of an unwarranted prosecution. We respectfully submit that justice requires the dismissal of this indictment.

Respectfully submitted,

LEE T. LAWLESS   # 3650
Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Lee_Lawless@fd.org


/s/ Robert T. Haar
ROBERT T. HAAR  # 3297
LISA A. PAKE  # 4022
Haar & Woods, LLP
1010 Market Street, Suite 1620
St. Louis, Missouri 63101
Telephone: (314) 241-2224
Fax: (314) 241-2227
roberthaar@haar-woods.com
lpake@haar-woods.com


Attorneys for Defendant John R. Steffen

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2010, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Michael Reap, Assistant United States Attorney.

/s/ Robert T. Haar